**F I L E D**
CLERK, U.S. DISTRICT COURT

10/22/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ asi _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 5:25-cr-00343-KK |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi): Distribution of and Possession with Intent to Distribute Methamphetamine and Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ALFREDO ANTHONY PACILIO, aka "Fredo Bangz," and WILLIAM GERMAN BLACKSTONE, aka "Will," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about

August 16, 2023, in Riverside County, within the Central District of California, and elsewhere, defendants ALFREDO ANTHONY PACILIO, also known as ("aka") "Fredo Bangz," and WILLIAM GERMAN BLACKSTONE, aka "Will," conspired with each other and with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute:

1.   At least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii);

2.   At least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii); and

3.   At least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendants PACILIO and BLACKSTONE would obtain methamphetamine and fentanyl from sources of supply.

2.   Defendant PACILIO would arrange to sell methamphetamine and fentanyl to drug customers.

3.   Defendants PACILIO and BLACKSTONE would meet to coordinate the delivery of methamphetamine and fentanyl to customers and the collection of payment from customers.

4. Defendant BLACKSTONE would monitor the delivery of methamphetamine and fentanyl to customers by defendant PACILIO.

5. Defendant PACILIO would collect payment from customers for methamphetamine and fentanyl and provide verification to defendant BLACKSTONE that customers had delivered payment for the methamphetamine and fentanyl.

6. Defendant PACILIO would meet with defendant BLACKSTONE after defendant PACILIO had delivered methamphetamine and fentanyl to customers and collected payment from the customers.

7. Defendants PACILIO and BLACKSTONE would possess, maintain, and travel with firearms, ammunition, and a "silencer" in furtherance of their drug trafficking offenses.

C. OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants PACILIO, BLACKSTONE, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On May 2 and 3, 2023, using coded language in text messages and using the alias "Fredo Bangz," defendant PACILIO arranged to sell 2,500 fentanyl pills and five pounds of methamphetamine to an individual he believed was a drug customer, but who was, in fact, a confidential informant working for law enforcement (the "CI"), for $10,250.

Overt Act No. 2: On May 2, 2023, using coded language in text messages and using the alias "Fredo Bangz," defendant PACILIO informed the CI that defendant PACILIO and his supplier were ready to "do the deal with them 1st asap and then I go get the window glass,"

3

meaning that defendant PACILIO and defendant BLACKSTONE would initially deliver 2,500 fentanyl pills and then deliver five pounds of methamphetamine to the CI.

Overt Act No. 3:    On May 2, 2023, using coded language in text messages and using the alias "Fredo Bangz," defendant PACILIO told the CI that "my peoples on stand by asking for a time frame," in order to confirm the time when defendants PACILIO and BLACKSTONE would deliver fentanyl and methamphetamine to the CI.

Overt Act No. 4:    On May 2, 2023, using coded language in text messages and using the alias "Fredo Bangz," defendant PACILIO told the CI that "I got those blue things right now on me and my guy still coo with letting me grab them other things if you ready," meaning that defendant PACILIO was prepared to deliver 2,500 blue fentanyl pills to the CI and that defendant BLACKSTONE would then provide defendant PACILIO with five pounds of methamphetamine to deliver to the CI.

Overt Act No. 5:    On May 3, 2023, at approximately 12:40 p.m., using coded language in text messages and using the name "Will," defendant BLACKSTONE told defendant PACILIO that "the 5 pack is ready" and "I'll take that too u or however u want," meaning that defendant BLACKSTONE had five pounds of methamphetamine available for defendant PACILIO to deliver to the CI.

Overt Act No. 6:    On May 3, 2023, at approximately 12:40 p.m., at a location on East Ramon Road in Palm Springs, California, defendant PACILIO delivered a backpack with 2,429 blue fentanyl pills to the CI, collected payment from the CI for the fentanyl pills, and told the CI that defendant PACILIO only had the fentanyl pills at that time but would return with the five pounds of methamphetamine.

4

Overt Act No. 7:   On May 3, 2023, at approximately 1:04 p.m., defendant PACILIO drove to a location in Palm Springs, California, where he met with defendant BLACKSTONE and counted the money defendant PACILIO had collected from the CI for the fentanyl pills.

Overt Act No. 8:   On May 3, 2023, at approximately 3:14 p.m., defendant PACILIO met with defendant BLACKSTONE at Gene Autry Trail and Via Escuela, and then defendants PACILIO and BLACKSTONE drove separate cars toward the location where defendant PACILIO had previously delivered fentanyl pills to the CI.

Overt Act No. 9:   On May 3, 2023, at approximately 3:18 p.m., defendant BLACKSTONE drove his black 2019 Dodge Charger to a location near where defendant PACILIO planned to again meet the CI.  Using coded language in a text message and using the name "Will," defendant BLACKSTONE then told defendant PACILIO, "I'm 10-23 (standby)" and "waiting for you 10-21 (call)."

Overt Act No. 10:   On May 3, 2023, at approximately 3:41 p.m., at a location on East Ramon Road in Palm Springs, California, defendant PACILIO delivered approximately 2,154.4 grams of actual (pure) methamphetamine to the CI and then drove to a parking lot on East Vista Chino in Palm Springs, California, where he parked his car next to defendant BLACKSTONE's black 2019 Dodge Charger.

Overt Act No. 11:   On June 22, 2023, defendant BLACKSTONE possessed approximately 900 blue fentanyl pills, a loaded Glock .22 caliber handgun, a loaded revolver with an obliterated serial number, and a silencer while driving his black 2019 Dodge Charger in Indio, California.

Overt Act No. 12:    On June 22, 2023, defendant BLACKSTONE possessed an assault rifle and another revolver at his residence on Carnation Court in Indio, California.

Overt Act No. 13:    On July 13, 2023, using coded language in a telephone conversation, defendant PACILIO arranged to sell an additional five pounds of methamphetamine to the CI at a price of $1,075 per pound ($5,375 total), and told the CI that defendant PACILIO would obtain the methamphetamine from the same supplier defendant PACILIO had used for their prior transaction on May 3, 2023.

Overt Act No. 14:    On July 24, 2023, using coded language in a telephone conversation, defendant PACILIO told the CI that defendant PACILIO would be able to deliver five pounds of methamphetamine at approximately 2:00 or 3:00 p.m. on July 25, 2023, and that defendant PACILIO would deliver the methamphetamine to an individual he believed was the CI's drug trafficking associate, but who was, in fact, an undercover law enforcement officer (the "UC"), at the "same spot" that defendant Pacilio met with the CI on May 3, 2023.

Overt Act No. 15:    On July 25, 2023, at approximately 3:45 p.m., defendant PACILIO informed the CI that defendant PACILIO would not be able to deliver the methamphetamine until 5:30 p.m., and that the CI should direct the UC to meet defendant PACILIO at a different location, which was in the area of Monroe Street and State Highway 111 in Indio, California.

Overt Act No. 16:    On July 25, 2023, at approximately 5:40 p.m., defendant BLACKSTONE used counter-surveillance techniques and drove on State Highway 111 to a location near the area where

defendant PACILIO had informed the CI that defendant PACILIO would meet the UC.

Overt Act No. 17:    On July 25, 2023, at approximately 5:45 p.m., defendant PACILIO met the UC in the area of Monroe Street and State Highway 111 in Indio, California, used Apple Facetime to contact defendant BLACKSTONE, and asked defendant BLACKSTONE to come to the meeting location to deliver the methamphetamine.

Overt Act No. 18:    On July 25, 2023, using Apple Facetime, defendant BLACKSTONE asked defendant PACILIO and the UC to change the location of the meeting and requested that the UC display the payment money for the methamphetamine.  In response, defendant PACILIO removed money from his pocket, took a photograph of the money, and sent the image to defendant BLACKSTONE to confirm that the UC had brought the money to purchase the five pounds of methamphetamine.

Overt Act No. 19:    On July 25, 2023, defendant PACILIO left the meeting with the UC, drove to a separate location to meet with defendant BLACKSTONE, and then returned to the UC.  Defendant PACILIO informed the UC that they could either go to defendant BLACKSTONE's residence or to a different location to complete the methamphetamine transaction, and explained that defendant BLACKSTONE had seen a drone and was concerned about detection by law enforcement.

Overt Act No. 20:    On August 16, 2023, defendant PACILIO possessed approximately 40 grams of methamphetamine, 14 grams of cocaine, and a loaded Polymer 80, 9 mm caliber semi-automatic handgun, bearing no legitimate serial number (commonly referred to as a "ghost gun"), while driving a stolen car in Palm Springs, California.

Overt Act No. 21:   On August 16, 2023, defendant PACILIO possessed 400 blue fentanyl pills, a 9 mm "ghost" gun, and 367 rounds of ammunition at defendant PACILIO's residence on Whitewater Drive in Palm Springs, California.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about May 3, 2023, in Riverside County, within the Central District of California, defendants ALFREDO ANTHONY PACILIO, also known as ("aka") "Fredo Bangz," and WILLIAM GERMAN BLACKSTONE, aka "Will," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed at least 50 grams, that is, approximately 2,154.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about May 3, 2023, in Riverside County, within the Central District of California, defendants ALFREDO ANTHONY PACILIO, also known as ("aka") "Fredo Bangz," and WILLIAM GERMAN BLACKSTONE, aka "Will," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed at least 40 grams, that is, approximately 261.3 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT BLACKSTONE]

On or about June 22, 2023, in Riverside County, within the Central District of California, defendant WILLIAM GERMAN BLACKSTONE, also known as "Will," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 90 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

11

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT PACILIO]

On or about August 16, 2023, in Riverside County, within the Central District of California, defendant ALFREDO ANTHONY PACILIO, also known as "Fredo Bangz," knowingly and intentionally possessed with intent to distribute at least 5 grams, that is, approximately 40 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT PACILIO]

On or about August 16, 2023, in Riverside County, within the Central District of California, defendant ALFREDO ANTHONY PACILIO, also known as "Fredo Bangz," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 52.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT BLACKSTONE]

On or about June 22, 2023, in Riverside County, within the Central District of California, defendant WILLIAM GERMAN BLACKSTONE, also known as "Will," knowingly possessed firearms, namely, a loaded Glock .22 caliber handgun, bearing serial number WXK747, a loaded black revolver with an obliterated serial number, and a firearm silencer, in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Four of this Indictment.

14

COUNT EIGHT

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT PACILIO]

On or about August 16, 2023, in Riverside County, within the Central District of California, defendant ALFREDO ANTHONY PACILIO, also known as "Fredo Bangz," knowingly possessed a firearm, namely, a Polymer 80, 9 mm caliber semi-automatic handgun, bearing no legitimate serial number (commonly referred to as a "ghost gun"), in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Five of this Indictment.

15

COUNT NINE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT PACILIO]

On or about August 16, 2023, in Riverside County, within the Central District of California, defendant ALFREDO ANTHONY PACILIO, also known as "Fredo Bangz," knowingly possessed approximately 367 rounds of ammunition, each in and affecting interstate and foreign commerce, consisting of the following:

a.  One hundred forty-seven rounds of Winchester .22 caliber ammunition;

b.  Two rounds of Norma 9 mm Luger ammunition;

c.  Forty-two rounds of Winchester .45 Auto caliber ammunition;

d.  Eight rounds of Blazer .45 Auto caliber ammunition;

e.  Eighty-four rounds of Federal Cartridge 9 mm Luger ammunition;

f.  Seven rounds of Winchester 9 mm Luger ammunition;

g.  One round of Winchester Military Ammunition 9 mm Luger ammunition;

h.  One round of Winchester Cartridge Company 9 mm Luger ammunition;

i.  Eleven rounds of Blazer 9 mm Luger ammunition;

j.  Six rounds of Sellier & Bellot 9 x 19 mm ammunition;

k.  Nine rounds of Remington-Peters 9 mm Luger ammunition;

l.  Twenty-five rounds of Hornady 9 mm Luger ammunition;

m.  Six rounds of Companhia Brasileira de Cartuches 9 mm Luger ammunition;

16

n.    Six rounds of Prvi Partizan, Uzice 9 mm Luger ammunition;

o.    Three rounds of Perfecta 9 mm Luger ammunition;

p.    Three rounds of LAX 9 mm Luger ammunition;

q.    Two rounds of Aguila 9 mm Luger ammunition;

r.    Two rounds of Freedom Munitions 9 mm Luger ammunition;

s.    One round of Speer 9 mm Luger ammunition; and

t.    One round of Hotshot 9 mm Luger ammunition.

Defendant PACILIO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession/Purchase for Sale of Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Riverside, Case Number INF1900774, on or about January 27, 2020; and

(2) Child Cruelty Causing Injury or Death, in violation of California Penal Code Section 273a(a), in the Superior Court of the State of California, County of Riverside, Case Number INF1901544, on or about January 27, 2020.

17

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title, and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

18

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Seven through Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Branch Office

CHRISTOPHER BRUNWIN
Assistant United States Attorney
Riverside Branch Office

21